No. 15,093.

## McCarthy et al. *v.* Seisler.

Chattel Mortgage.—*Partnership Property.—Execution of by One Partner.*—
One partner may execute a valid chattel mortgage of partnership goods, to secure a partnership debt, by signing the firm name.

Same.—*Purchase Without Notice Within Ten Days After Execution and Before Recording.*—A chattel mortgage recorded in the proper county within ten days after its execution is a valid lien on the property mortgaged as against a person who purchased it before such mortgage is recorded and without notice thereof.

From the Miami Circuit Court.

*J. L. Farrar* and *J. Farrar*, for appellants.

*W. C. Bailey* and *J. T. Cox*, for appellee.

OLDS, J.—Oliver B. Harrison was the owner of a restaurant. In September, 1887, he sold the same to McNutt Bros. for $850. They paid him $300 cash and gave to him their note, secured by a chattel mortgage on the restaurant property purchased by them, for the balance, $550. McNutt Bros. afterwards paid Harrison on the note and mortgage $300.

On December 19th, 1887, the McNutts mortgaged the same property to John Seisler, the appellee, for a bill of $90 for meat sold to McNutts by Seisler for the restaurant, executing a note and mortgage for said $90, due in one week after date. On December 20th, 1887, McNutts owed to Harrison a balance of $250 and interest on the note and mortgage, and on said day Harrison purchased the restaurant of McNutts, paying them $25 in money and surrendering the note and mortgage. On December 21st Harrison sold the restaurant to the appellants, Daniel and Bart McCarthy, for $250. Harrison testifies that the goods were worth at the time he sold them to McCarthy $450 to $500, and that he turned the goods over to McCarthy at 2 o'clock the 21st of December, 1887. The mortgage to the appellee, Seisler, was acknowledged, and was recorded in the proper county on the 21st day of December, 1887, at 2:30 o'clock p. m.

There was a finding and judgment for the appellee.

The mortgage to the appellee was executed by one member of the firm of McNutt Bros., George McNutt signing the firm name by himself, and acknowledging the mortgage. The mortgage was valid. The one partner had the right to execute the mortgage on the partnership property to secure the debt of the firm, and it was executed in proper form. Says Jones on Chattel Mortgages, section 46: "One partner may execute a valid mortgage of partnership goods to secure

McCarthy *et al. v.* Seisler.

a partnership debt by signing the firm name." *Woodruff* v. *King*, 2 N. W. Rep. p. 452.

Indeed, counsel for appellants do not seriously controvert the right of the one partner to mortgage the property. The debt due the appellee for meat furnished in running the restaurant, and the extension of time given for the payment, were a valid consideration for the mortgage.

It is insisted by counsel for the appellants that, the appellee's mortgage being executed on the 19th of December, and not having been recorded until 2:30 p. m. on the 21st of the same month, the appellants having purchased the goods for a valuable consideration on the 21st of December before the hour when the appellee's mortgage was placed on record, without any knowledge of the mortgage, they received a valid title to the goods as against the appellee's mortgage. In other words, it is contended that under our statute a mortgage of chattels is not valid as against innocent purchasers until it is actually recorded, notwithstanding it is recorded within the ten days fixed by the statute ; that until a mortgagee places his mortgage on record an innocent party may purchase the goods of the mortgagor for value and hold them free from the mortgage. We can not agree with this position of counsel. Under our statute, section 4,913, R. S. 1881, the mortgagee has ten days within which to record his mortgage in the county where the mortgagor resides, and if he records it within that time it becomes a lien from the date of its execution against all persons, and the person purchasing the property after that date purchases the same subject to the lien of the mortgage. Ten days' time is given to the mortgagee within which to record his mortgage and preserve his lien, and this continues its validity from the time of its execution. *Hoadley* v. *Hadley*, 48 Ind. 452 ; *Krutsinger* v. *Brown*, 72 Ind. 466 ; *McFadden* v. *Hopkins*, 81 Ind. 459.

If the theory of counsel for the appellant be correct, there

would be no security whatever to the mortgagee in accepting a chattel mortgage as security for money loaned, or as security for a debt, for notwithstanding he had his mortgage, if during the time he was taking or transmitting it to the county recorder for record the mortgagee made a sale of the property to an innocent person, the lien of his mortgage would be divested and non-enforceable as against such purchaser. This is against the theory of our registration laws. The time for recording has been universally treated as a time within which the mortgagee might have his mortgage recorded and preserve his lien against all persons purchasing or taking a lien upon the same property subsequent to the execution of his mortgage.

There is no error in the record.

Judgment affirmed, with costs.

Filed Dec. 16, 1891.