HORATIO H. MASON *et al.*

*v.*

DANIEL PIERCE.

*Filed at Ottawa June 20, 1892.*

1. USURY—*when debtor may invoke the benefit of the statute.* As long as any portion of a debt remains unpaid, usury may be set up by the debtor, at least by way of defeating the collection of the balance due ; but the debtor has the right to pay the debt, and if he does so pay he can not thereafter invoke the benefit of the statute relating to usury.

2. SAME—*who may take advantage of the statute.* Only the original debtor and those in privity with him can avail of the charge of usury.

A junior incumbrancer by virtue of a judgment lien is not in privity with such debtor, so as to be able to set up the defense or charge of usury in his own behalf.

3. Where the holder of a sheriff's deed is entitled to redeem from his debtor's mortgage, and consents that the debtor may redeem from his deed and from the mortgage, the latter will, in legal effect, become the assignee of the holder of the sheriff's deed, and his right to redeem will be no broader than the right of his assignor; and if the sheriff's grantee has no right to set up usury, neither will the original debtor succeeding to his rights have any such right.

APPEAL from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. H. A. JONES, and Mr. R. N. BOTSFORD, for the appellants.

Mr. GEORGE W. DUNTON, for the appellee.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by Horatio H. Mason and Erskine M. Hoyt against Daniel Pierce, for the cancellation of a certain deed executed by Hoyt and wife to Pierce, and to redeem from a certain incumbrance in favor of Pierce on the land thereby conveyed. The following facts appear to be undisputed:

On the 1st day of June, 1875, Hoyt was the owner in fee of the north-east quarter of section 5, in township 40, north, of range 4, east of the 3d principal meridian, in DeKalb county, and was desirous of purchasing the north-west quarter of section 4, in said township, which was then for sale for $6600. Hoyt thereupon applied to Pierce for a loan of that sum of money, and proposed to secure the same by mortgage on both quarter sections. Pierce consented to make the loan, and Hoyt thereupon executed to Pierce his six promissory notes, dated June 1, 1875, for $1100 each, due in one, two, three, four, five and six years, with interest at the rate of ten per cent per annum, payable annually, and on the same day, Hoyt and

wife, to secure said notes, executed to Pierce their mortgage on both quarter sections of land, which mortgage was duly recorded. Pierce thereupon paid to the owners of the north-west quarter of said section 4 said sum of $6600, and they delivered to Hoyt their deed conveying the same to him.

On the 1st day of January, 1876, Hoyt conveyed to his brother the west 108 acres of the north-west quarter of section 5, and on the 10th day of March, 1880, that tract was conveyed to Pierce, but no right or equity of redemption in respect to that land is now claimed by either Mason or Pierce.

Hoyt seems to have been very delinquent in the payment of both the principal and interest of his indebtedness to Pierce, and a large sum being in arrears, negotiations were entered into for the conveyance of the remaining 212 acres of land still held by him to Pierce and the surrender by Pierce to him of the indebtedness secured by said mortgage. These negotiations resulted in the execution and delivery by Hoyt and wife to Pierce of a deed, dated May 21, 1885, acknowledged June 1, 1885, and recorded July 15, 1885, conveying said 212 acres of land to Pierce. The validity of that deed, and the right of the complainants to have it cancelled, is the principal question presented by this appeal.

The interest in said land claimed by Mason arose in this wise: On the 18th day of April, 1879, Mason recovered a judgment against Hoyt in the circuit court of DeKalb county for $270 and costs, and an execution being immediately issued on said judgment was returned unsatisfied. Afterward, on the 11th day of July, 1885, and before the deed from Hoyt and wife to Pierce was recorded, an alias execution on said judgment was issued and levied on said land as the land of Hoyt, and said land was struck off and sold by the sheriff on said execution for $372.80, Mason becoming the purchaser, and the usual certificate of purchase being issued to him. On the 15th day of December, 1886, and after the statutory period

of redemption had expired, the sheriff, in pursuance of said certificate of purchase, executed a deed of said land to Mason.

The complainants claim that the consideration of the conveyance from Hoyt and wife to Pierce was an agreement by Pierce, 1. to cancel and surrender to Hoyt the indebtedness secured by said mortgage; 2. to satisfy the Mason judgment, and, 3. to pay to Hoyt the sum of $500 in cash, and it is alleged that no portion of the agreement on the part of Pierce constituting the consideration of said conveyance has been performed, and the complainants therefore claim the right to have said deed cancelled, and to be permitted to redeem from said mortgage by paying the amount justly and equitably due thereon.

They also allege that the loan secured by said mortgage was usurious, and that such usury should be taken into account in determining the sum to be paid to redeem from said mortgage. They claim that Pierce, on pretense that the money loaned by him to Hoyt, belonged to another party, and that he was entitled to a commission for making the loan, required Hoyt to make and execute to him a promissory note for $300 on account of such commission, while said money was really Pierce's own money, and the $300 note was in fact illegal interest exacted by Pierce for said loan.

There is much conflict in the evidence as to the terms of the agreement in pursuance of which the deed from Hoyt and wife to Pierce was executed, particularly those parts of it which related to the payment by Pierce of the Mason judgment, and the sum of $500 to Hoyt. So far as it related to the surrender by Pierce to Hoyt of the indebtedness secured by the mortgage, the evidence on behalf of Pierce tends to show, that the agreement was merely that Pierce should release Hoyt from any further personal liability on account of said indebtedness, and that a memorandum was accordingly indorsed on the back of each of the six promissory notes secured by said mortgage, releasing Hoyt from further personal liability there-

on, and providing that said indebtedness should not be collected in any other manner than out of the mortgaged premises. Pierce's evidence also tended to show that there was no agreement on his part to pay Hoyt $500, or to pay the Mason judgment.

The court, by its decree, decided these questions of fact in favor of Pierce, and held that the transaction concerning said conveyance was fair and equitable, and that Pierce had fully and fairly performed on his part the contract in pursuance of which said conveyance was made. The issue as to the usury charged was also found in favor of Pierce. The court however found that Mason, was entitled, by virtue of his levy and sale, and of the sheriff's deed thereunder, to redeem from said mortgage. An accounting being had, the court found that the balance due Pierce at the date of the decree was $10,582.76, and it was decreed that Mason might redeem from said mortgage within eleven months from that date, and that in case of such redemption, Pierce should surrender up to Mason said 212 acres of land, free from incumbrances created by or through him, and deliver to Mason all deeds and papers in his possession relating to said land.

The complainants having joined in an amended and supplemental bill praying that Hoyt be permitted to redeem from the sheriff's sale to Mason, it was further decreed that such redemption be allowed within said period of eleven months, and that upon its being made, the sheriff's deed to Mason be vacated, and Hoyt be let in to redeem in place of Mason from the mortgage to Pierce.

Said decree is assailed in this court on two grounds, first, because it holds that the deed from Hoyt and wife to Pierce is valid, and the transaction out of which it grew in all respects fair and equitable, and, second, because it holds against the complainants on the question of usury. In reality, the first of these questions is the only one which need be considered. If the transaction which resulted in the conveyance of the

mortgaged premises to the mortgagee in consideration of the release of the mortgagor from the mortgage debt is upheld, the contract claimed to be usurious is, as between them, settled and closed up, and the mortgagor can no longer avail himself of the defense of usury. The parties stand in the same relation to each other as though there had been a voluntary payment by the mortgagor of the entire mortgage debt. After making such payment he was no longer in a position to invoke the penal provisions of the usury laws. So long as any portion of the debt remained unpaid, usury could be set up, at least by way of defeating the collection of the balance still due. But the mortgagor was at liberty to pay the debt if he chose, and having done so, his right to enforce the statute was at an end.

Nor can Mason set up or avail himself of the charge of usury. While that defense might be set up by the debtor or those in privity with him, a junior incumbrancer by virtue of a judgment lien is not in privity with the mortgagor so as to be able to set up the defense in his own behalf. This is so completely settled by our decision in *Union National Bank* v. *International Bank,* 123 Ill. 510, as to require no discussion here.

Nor is the situation at all changed by the relief granted to Hoyt under the prayer of the amended and supplemental bill. Mason's right to redeem is conceded, and by said bill he prayed, and of course consented, that Hoyt be permitted to redeem from the sheriff's deed to him, and thus be placed in his shoes, so as to be entitled, in his stead, to redeem from Pierce. Hoyt thus became, in legal effect, Mason's assignee of his right to redeem, and the right thus obtained by him is no broader, and involves no incidents which did not belong to it while in Mason's hands. As Mason was in no position to set up the alleged usury, neither is Hoyt, who, so far as the decree allows him to redeem, stands merely in the place of Mason.

The evidence as to the terms of the agreement between Hoyt and Pierce under which Hoyt conveyed said 212 acres of land to Pierce is very voluminous and in many respects conflicting. We shall not attempt to discuss it in detail, as our doing so would serve no useful purpose. We have examined it with care, in the light of the able arguments with which counsel have favored us, and are of the opinion that the result reached by the Circuit Court is the correct one. We think the evidence fully sustains the conclusion that there was no agreement on the part of Pierce to surrender to Hoyt the six notes secured by the mortgage, but merely to cancel Hoyt's personal liability thereon, leaving them in Pierce's hands as muniments of his title, and to secure him against any intervening liens which may have accrued against the land subsequent to the execution of the mortgage. Such, under all the circumstances, is the sort of arrangement which a prudent and careful business man would be likely to make, and so far as can be seen, Hoyt was as fully exonerated from liability upon the mortgage debt, and his rights were all as fully protected, as they would have been by the actual surrender and cancellation of the notes.

The question whether Pierce also agreed to pay Hoyt $500 and to pay off the Mason judgment presents greater difficulties, as upon that question the testimony of the witnesses is directly contradictory. But when all the facts disclosed by the record are duly considered, we are unable to say that the conclusion reached by the Circuit Court is not the correct one. On the whole case, we see no ground for disturbing the decree, and it will therefore be affirmed.

*Decree affirmed.*