[No. 1582.  Decided April 29, 1895.]

C. C. BRUNDAGE, *Appellant*, v. H. C. BURKE *et ux.*, *Respondents*.

##### USURY—WHAT CONSTITUTES—PLEADING.

Under the laws of this state (Gen. Stat. §§ 2795, 2796), fixing the legal rate of interest at ten per cent. per annum, but allowing any rate of interest agreed on by the parties in writing to be valid and legal, an oral contract for the payment of five per cent. per month, although not enforcible, is not usurious.

Voluntary payments of excessive interest cannot be recovered back, or applied to the payment of the principal debt, in the absence of a statute imposing a penalty or forfeiture of that nature.

Usury must be pleaded when relied on as a defense.

*Appeal from Superior Court, King County.*

*Pratt & White*, for appellant.

*Ralph Simon*, for respondents.

The opinion of the court was delivered by .

ANDERS, J.—On June 10, 1891, the respondents, who were defendants in the court below, borrowed $300 from the appellant, and, to secure the payment of the same, they executed and delivered to him a bill of sale of certain personal property consisting of household furniture and other effects. The rate of interest to be paid on the loan was not evidenced by any writing, but the parties agreed orally that it should be five per cent. per month. This action was brought to foreclose the bill of sale upon the theory and understanding that the same was in effect a chattel mortgage.

The complaint sets forth all the facts necessary to constitute a cause of action, and prays judgment for the principal sum of $300 and costs, and for a decree foreclosing the bill of sale, and that the property therein described be sold and the proceeds thereof be applied in payment of plaintiff's claim and costs. The defendants admitted all of the averments in the complaint, except that the said $300 had not been paid, and affirmatively alleged "that the debt and demand sued for by plaintiff herein has been fully paid and discharged." Upon this issue alone the cause was tried. The defendants, having the affirmative of the issue, proved that at the end of each month for six successive months subsequent to the date of the loan, they promptly paid $15 as interest thereon, and that thereafter they made further payments from time to time on account of interest, up to July 15, 1893, after which time nothing further was paid. The aggregate

amount of all the payments so made was $341. Upon this evidence the court denied plaintiff's motion for judgment, and it appearing to the court that the whole amount paid by defendant was equal to the sum loaned, together with interest thereon at the rate of ten per cent. per annum, it gave judgment for defendants for costs; from which plaintiff appealed.

By the statute in force at the date of the loan, the legal rate of interest in this state was fixed at ten per cent. per annum; but there was a further provision that "any rate of interest agreed on by parties to a contract, specifying the same in writing, shall be valid and legal." Gen. Stat., §§ 2795, 2796. These two sections comprehend the whole law on the subject of interest, and it will be seen that no penalties or forfeitures were imposed or mentioned. There was no restriction whatever as to the rate of interest that might be recovered, if specified in writing, and it was not made unlawful to receive and retain any specified rate of interest. If five per cent. per month had been contracted for in writing there could be no question but that it could have been collected, for the law itself says that such a contract is valid and legal, and no court would be warranted in declaring it invalid. The oral contract in this instance was not enforcible, simply because it was oral; and the question to be determined is whether such a contract can be repudiated after it has been completely executed, and the interest paid thereunder, in excess of ten per cent. per annum, recovered back, or, which is the same thing, applied in payment of the principal debt, at the instance of the debtor.

Many cases are cited by respondents in support of the affirmative of this question; but they are all predicated upon the fact that usurious interest was paid; and in such cases the rule contended for by respond-

ents may be said to be general, if not universal. See 27 Am. & Eng. Enc. Law, p. 963. But in order to ascertain whether the doctrine announced in these cases is applicable to the case at bar, it is necessary to determine whether the respondents did in fact pay usurious interest. If they did, it must be conceded that their contention must prevail. The legal definition of usury is, "the taking of more interest for the use of money than the law allows." 3 Parsons, Contracts (8th ed.), p. 116; *Dunham v. Gould*, 16 Johns. 367 (8 Am. Dec. 323).

Now, in this case, the plaintiff did not receive more interest than the law allowed, because he was not prohibited from taking any amount defendants saw fit to give. The defendants were under no obligation to pay five per cent. per month under their oral contract, but having voluntarily done so, there is no law in this state which will enable them, directly or indirectly, to recover it back. If they had promised in writing to pay this interest and had then refused, the law, as we have said, would compel them to comply with the terms of their agreement; and we think that their oral agreement; after it was fully executed, became as valid and irrevocable as if it had been reduced to writing in the first instance.

In regard to executed contracts which are required to be in writing in order to be enforced, Mr. Bishop, in his work on Contracts, § 634, says:

"A contract which cannot be enforced because not conformable to statutes requiring it to be in writing, is rendered, by voluntary execution, good; neither party can undo what has thus been done."

While this rule of law is generally recognized by the courts some of them hold that it is not applicable to cases of voluntary payments of illegal interest, because

such payments are considered as having been made under moral duress. See *Peterborough Savings Bank v. Hodgdon*, 62 N. H. 300.

Other courts hold that even usurious interest which has been voluntarily paid cannot be recovered back. *Woolfolk v. Bird*, 22 Minn. 341; *Quinn v. Boynton*, 40 Iowa, 304; *Latham v. Bldg. & Loan Association*, 77 N. C. 145.

It has often been said that the object and policy of usury laws is to protect the needy borrower from the rapacity of the money lender. But, as the policy of the law upon any purely legislative question must be sought for in the law itself, it would seem that the legislature of this state did not deem it either necessary or politic to prohibit the lender from taking, or the borrower from giving, any rate of interest which might be agreed upon between them. A statute of Minnesota provided that, "No contract for a greater rate of interest than twelve dollars upon one hundred dollars for a year shall be valid for the excess of interest over twelve per cent;" but it prescribed no penalty for making such a contract; and the supreme court of that state, in speaking of the policy indicated by that statute, said:

"In some of the states a recovery of excessive interest, voluntarily paid, is justified on grounds of public policy. The public policy indicated by our statute will prevent a recovery by the creditor of the excess stipulated for, but it does not require that the debtor shall be disabled to pay such excess, or to give away his money, if he chooses to make that use of it."

That language, we think, expresses the policy foreshadowed by our own statute.

The further points are made by appellant that there is no usury law in this state, and that the defense of

usury, in order to be available on the trial, must be pleaded. Properly speaking we had no usury law at the time of this transaction, and that when usury is relied upon as a defense it must be pleaded, is well settled as a legal proposition everywhere. We think the defendants entirely failed in their defense, and that plaintiff's motion for judgment should have been sustained.

The judgment must, therefore, be reversed and the cause remanded with directions to enter judgment for appellant in accordance with the prayer of the complaint.

HOYT, C. J., and GORDON, J., concur.

DUNBAR, J., dissents.