### Charles Albeitz v. C. F. d'Arcambol.

1. USURY—*Money Voluntarily Paid as Interest Can Not Be Recovered Back.*—Money voluntarily paid as usurious interest can not be recovered back in a direct proceeding for that purpose.

Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1903. Reversed, with a finding of facts. Opinion filed September 10, 1903.

J. J. RAFTER and TURNER & HOLDER, attorneys for appellant.

J. W. BARTHOLOMEW, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.
This was a suit brought by appellee against appellant, on August 28, 1901, before a justice of the peace, to recover

certain money claimed by appellee to have been paid by him to appellant, to be applied to the payment of certain notes, but which he charges appellant failed to so apply.

In the Circuit Court, to which the case was taken by appeal, appellee gave appellant notice that he would plead usury to any money that might have been applied to the payment of illegal interest. The trial was by the court without a jury, appellant and appellee being the only witnesses, and there was a judgment in favor of appellee for $1 and costs.

It appeared from the evidence that appellant was engaged in the business of loaning money at a usurious rate of interest, in the city of East St. Louis. In the summer of 1900 appellant received a note from another money lender in the city of St. Louis, Missouri, signed by appellee and one William Jennings, which appellant claims was for the amount of $36, but which appellee claims was only for $30. To take up this note Jennings and appellee, on June 11, 1900, gave appellant their note for $39.75, due July 1, 1900, with interest at the rate of seven per cent per annum. The extra amount included in this note over and above the amount of the note it was given to take up, which was $9.75, according to appellee's testimony, and $3.75 according to appellant's testimony, was to cover usurious interest. Afterward on March 15, 1901, certain payments having been made in the meantime, appellee gave his individual note for $38.50 in full of the above note which was turned over to him. In October, 1900, appellee borrowed $25 more of appellant, for which he gave his note for $27.50, the extra $2.50 being placed in the note to cover usurious interest. Appellee claims that he received from appellant $55, and that he paid back from time to time, the sum of $67. On the other hand appellant claims that he has a record of $52.80 received by him, and that he possibly received $5.80 more, making $58.60. Receipts for money orders sent by appellee to appellant were introduced in evidence, amounting to $55.85.

Appellee also testified that he had paid either nine or

twelve dollars, he could not say which, for which there was no postoffice order or receipt. The evidence was therefore unsatisfactory and conflicting, but it was such that the court below would have been justified in finding that appellee had repaid the full amount of the money received by him from appellant, if not more. This, however, was not a suit by the holder of the notes above mentioned against appellee to recover the amount claimed to be due thereon, but a suit by appellee to recover money claimed to have been paid by him to appellant to be applied on his notes. The proofs show conclusively that the money paid by appellee to appellant was voluntarily paid by him as usurious interest, and while in a proper suit he was entitled to have such payments set off against the principal of the notes, yet as the interest was voluntarily paid, he could not recover the same in a direct proceeding for that purpose. Hadden v. Innes, 24 Ill. 381; Saylor v. Daniels, 37 Ill. 331; Mason v. Pierce, 142 Ill. 331; Chicago T. & S. Bank v. Anderson, 93 Ill. App. 347. The judgment of the court below must therefore be reversed.

Finding of Facts to be incorporated in the judgment:

We find that the money to recover which this suit was brought, was voluntarily paid by appellee to appellant for usurious interest, and that appellee is therefore not entitled to recover same.