[No. 6637. Decided September 6, 1907.]

## BETSY P. GRUBB, *Respondent*, v. JAMES STEWART *et al.*, *Appellants*.[1]

USURY—PLEADING—NECESSITY. The defense of usury cannot be raised unless it is pleaded, especially where it does not appear on the face of the record.

SAME—DEFENSES—PERSONS ENTITLED. The defense of usury is personal to the parties and cannot be set up by strangers who were not creditors and who took property from one of the parties subject to and with notice of an alleged usurious transaction, which created a lien on the property.

Appeal from a judgment of the superior court for Clallam county, Hatch, J., entered May 5, 1906, after a trial before the court without a jury, declaring a lien upon lots for taxes paid, in an action brought to recover an interest in land. Affirmed.

*Graves, Palmer & Murphy* and *James Stewart*, for appellants.

*Trumbull & Trumbull*, for respondent.

MOUNT, J.—On the 5th day of January, 1899, the United States Savings and Loan Company, a corporation located at St. Paul, Minnesota, entered into a contract with the Pacific and Oriental Investment Company, a corporation located at Port Angeles in this state, to sell to the last named corporation lot 3, in block 13, of the town of Port Angeles, for a consideration of $1,700. According to the terms of this con-

[1]Reported in 91 Pac. 562.

tract, $425 was to be paid in cash upon delivery of the con-
tract, and thereupon possession of the property was to be de-
livered to the purchaser. Four hundred and twenty-five dol-
lars was to be paid on or before January 1, 1900, and like
amounts on January 1, 1901 and 1902. The deferred pay-
ments were to bear interest at eight per·cent per annum, and
the purchaser was to keep the improvements on the premises
insured and the taxes, etc., paid. Time was made the essence
of the contract, and in case of noncompliance by the pur-
chaser, all payments thereon were to become forfeited to the
selling corporation. This first payment upon this contract
was made by Mrs. Grubb, the respondent in this case, and
thereupon she and the investment company entered into the
following agreement:

"Port Angeles, Washington, March 28, 1899.

"To whom it may concern:—This is to certify that the sum
of four hundred and twenty-five dollars ($425) has been paid
by Mrs. Betsy Grubb, of the city of Port Angeles, Washing-
ton, as first payment of purchase of lot three (3), block thir-
teen (13) of the original government townsite of Port Ange-
les, with the buildings thereon. And the agreement of sale
made to the Pacific and Oriental Investment Company by the
United States Savings and Loan Company is held in trust by
the said Pacific and Oriental Investment Company for the said
Mrs. Betsy Grubb upon the following conditions, to wit: The
said Pacific and Oriental Investment Company to have and to
hold possession of said property for the term of one year
from January 1, 1899, in consideration of said company pay-
ing taxes for the year 1898 and paying interest and insurance
on same. And it is further expressly agreed and understood.
that should the said Pacific and Oriental Investment Company
at any time during the year 1899, or up to the 4th day of
January, 1900, pay the said Mrs.·Betsy Grubb the sum of
seven hundred dollars ($700) gold coin, then the said Mrs.
Betsy Grubb relinquishes all claim to said property and
vests the title in the Pacific and Oriental Investment Com-
pany."

This contract was duly signed and acknowledged. On De-
cember 26, 1899, Mrs. Grubb sought advice from appellant

Stewart, who was then a practicing lawyer in Port Angeles, as to what she should do in case the 'Pacific and Oriental Investment Company should fail to pay the $700 named in said contract on or before January 4, 1900. Mr. Stewart advised her, and drafted a letter to be sent to the United States Savings and Loan Company at St. Paul, notifying that company of the interest of Mrs. Grubb in the contract of sale. This letter was accordingly sent and receipt thereof acknowledged by the Savings and Loan Company. Thereafter on January 5, 1900, the trust agreement was placed of record in Clallam county, where the land was located, but thereafter no payment of the sum of $700, or any part thereof, was made to Mrs. Grubb. The Pacific and Oriental Investment Company subsequently, up to the year 1902, paid the United States Savings and Loan Company on the purchase price of the lots about $800 in principal and interest, besides the first payment above named; but notwithstanding payments were not made as agreed to in the contract, no forfeiture was claimed.

On the 11th day of July, 1902, the Pacific and Oriental Investment Company, in consideration of $10, assigned its contract of purchase to the respondent Stewart, and the assignment was approved by the Savings and Loan Company. Mr. Stewart thereafter completed the payments due on the original contract and, on July 14, 1903, took title in himself from the United States Savings and Loan Company. Thereafter on November 26, 1904, Stewart conveyed the premises to the appellants Nellie Mastick and husband, for an alleged consideration of $1,800, and took a mortgage back for $1,300. Thereafter this action was begun by respondent, alleging that she was the equitable owner, and praying that the appellants be decreed to hold the legal title in trust for her. She did not offer to repay Stewart the money he had advanced on the purchase price of the lots. The appellants answered, alleging, in short, that the $425 advanced by respondent to the Pacific and Oriental Investment Company was advanced as a loan, and that the same had been fully paid, and if not paid, was barred

by laches. The trial court found that the amount advanced; viz., $425, to the Pacific and Oriental Investment Company, was a loan, and that the trust agreement amounted to a lien on the lot for said sum of $425, with interest at seven per cent, and ordered the property sold to satisfy this claim, provided the amount was not paid by the appellants within sixty days. This appeal is prosecuted from that judgment.

The principal point contended for by the appellants is that the contract between respondent and the Pacific and Oriental Investment Company was usurious, and for that reason the principal should have been reduced by the amount of usurious interest contracted for under Bal Code, § 3671. It is not necessary for us to decide the question whether the contract between respondent and the Pacific and Oriental Investment Company, as set out above, was usurious, because the appellants cannot be permitted to raise this question in this case, for two reasons. First, the defense of usury was not pleaded in the answer. "When usury is relied upon as a defense, it must be pleaded," *Brundage v. Burke*, 11 Wash. 679, 40 Pac. 343, especially where usury does not appear upon the face of the record.

Second, the appellants acquired the property with full notice, both actual and constructive, of the claim of the respondent. The deed from the United States Savings and Loan Company to Mr. Stewart recited that it was made "subject to any liability which may arise by reason of anything which may have been done by the parties under the contract issued to the Pacific and Oriental Investment Company, or any one claiming under them, and by reason of which contract this conveyance is made to the second party as assignee thereof." The appellants were not creditors, nor in any way in privity with the Pacific and Oriental Investment Company, the debtor of the respondent, and therefore could not plead the defense of usury, because such defense is personal to the debtor or his privies, and cannot be set up by a stranger. 29 Am. & Eng. Ency. Law (2d ed.), p. 534; 2 Current Law,

p. 1766; *Lamoille County Nat. Bank v. Bingham,* 50 Vt. 105, 28 Am. St. 490, and authorities cited in note to page 491.

Under the facts stated above, which are substantially undisputed, we are satisfied the judgment was right. It is therefore affirmed.

HADLEY, C. J., CROW, FULLERTON, and DUNBAR, JJ., concur.