[No. 7785. Decided May 5, 1909.]

MALCOLM FENBY, *Appellant*, v. EVA I. HUNT, *Administratrix, Intervener and Respondent.*[1]

CHATTEL MORTGAGES—DESCRIPTION OF PROPERTY—RIGHTS OF CREDITORS—ACTUAL NOTICE. A prior creditor who has actual notice of a chattel mortgage given by the judgment debtor to a third person, cannot set up insufficiency of the description in the chattel mortgage, and claim priority on attaching the property.

SAME—RECORD—FILING—NECESSITY. Under Laws 1899, p. 157, § 6, it is not necessary to record a chattel mortgage where the debt secured is less than $300, and filing in the auditor's office within ten days after execution is sufficient, under Id., § 2.

SAME—FILING—TIME—EXECUTION. A chattel mortgage "dated" December 9th, but not delivered until December 13th, is not "executed" until the latter date, and is filed within ten days from "execution" if filed December 21st.

[1]Reported in 101 Pac. 492.

SAME—PRIORITY—ATTACHMENT. A chattel mortgage filed within ten days of execution, takes priority over an attachment levied after execution of the mortgage.

USURY—PLEADING—DEFENSES. Usury to be available as a defense must be pleaded.

USURY—PERSONAL DEFENSE. The defense of usury is personal to the debtor and cannot be set up by a creditor to gain priority over other creditors.

CHATTEL MORTGAGES—FORECLOSURE—ATTORNEY'S FEES—AMOUNT. Where a note and chattel mortgage provided for the payment of "———— dollars attorney's fees," it is not error to allow an attorney's. fee in a sum admitted by opposite counsel at the trial to be a reasonable attorney's fee.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered June 6, 1908, upon findings in favor of the intervener, after a trial on the merits. before the court without a jury, in an action on a promissory note. Affirmed.

*Hurn & Curtiss*, for appellant.

*Birdseye & Smith*, for respondent.

MORRIS, J.—On the 14th day of October, 1907, plaintiff sold to the defendant a team of horses, wagon and harness,. for the sum of $600. Defendant paid $200 of this sum in cash, and executed a promissory note in the sum of $400, due in four and one-half months, to secure the balance. On December 19, alleging that defendant had departed from the state with intent to defraud his creditors, plaintiff sought an attachment against the property of defendant, and on the same day the sheriff seized and took into his possession the property above mentioned. The property was subsequently sold under the writ, and the proceeds paid into court. On February 13, 1908, C. D. Hunt filed his complaint in intervention in the attachment suit, setting forth that, on December 13, 1907, to secure a loan of $200, the defendant executed and delivered to him a promissory note, secured by a chattel mortgage upon the horses, wagon, and harness, seized

by the sheriff under the attachment, and praying that the lien of his mortgage be held superior to plaintiff's attachment. Issue was joined upon this intervention, by the plaintiff, defendant having defaulted, and upon the hearing the court found in favor of the intervener, and plaintiff appeals. Subsequent to the appeal, intervener died, and the administratrix of his estate is here substituted as respondent.

Error is assigned, first, in that the description of the property in the mortgage is insufficient. Insufficiency or inadequacy of description in a chattel mortgage is an attack open to creditors, incumbrancers, and purchasers in good faith, whom it is sought to affect by reason of the constructive notice attaching to the recording or filing of the mortgage; but inasmuch as actual notice is of a higher character than constructive notice, one who has actual knowledge of the existence of the mortgage and of the property affected thereby cannot avail himself of any lack of sufficiency of description as could one to whom constructive notice alone was attributable. The creditor with actual knowledge of all the facts does not rely upon the public records to give him constructive notice of that which he already knows. In this case it appears, and the court so found, that appellant, prior to the issuance of his writ of attachment, knew of the mortgage to respondent and had, after the departure of the defendant, discussed with respondent what steps should be taken to protect the property described in the mortgage upon which both parties relied for the security of their respective claims against defendant.

It is next asserted that the mortgage is void as to appellant in that it was neither recorded nor filed within the time provided. The mortgage was dated December 9, delivered to respondent, together with the note it was given to secure, on December 13, and filed in the auditor's office December 21. The mortgage being given to secure a debt less than $300, there was no necessity for its recording (Laws 1899,

9—53 wash.

page 157, chap. 98, § 6). The filing in the auditor's office "within ten days from the time of the execution thereof" (Laws 1899, page 157, chap. 98, § 2) was sufficient. Was the filing of this mortgage on December 21 within the time provided for? We think it was. The date of the mortgage, December 9, did not alone determine its "execution," as that word is understood and interpreted in statutes of a like character. The execution of a chattel mortgage means and includes the doing of those formal acts necessary to give the instrument validity as between the parties. There certainly could be no validity to a mortgage without a delivery and acceptance. One cannot be made a mortgagee unless there is some act on his part which can and does express his relation to the instrument. There must be a "meeting of the minds" in this sort of relation as in any other contract. Without these formalities there is no mortgage. Jones, Chattel Mortgages, p. 104.

The word "execute," when applied to a written instrument, unless the context indicates that it was used in a narrower sense, imports the delivery of such instrument. *Le Mesnager v. Hamilton,* 101 Cal. 532, 35 Pac. 1054, 40 Am. St. 81. In *Brown v. Westerfield,* 47 Neb. 399, 66 N. W. 439, 53 Am. St. 532, "execution" was held to include all acts essential to the completion of the instrument. A very similar case to the one before us will be found in *Hornbrook v. Hetzel,* 27 Ind. App. 79, 60 N. E. 965, the mortgage being dated June 25, but not delivered nor filed until August 4. The court says:

"Delivery was necessary to its execution. The statute requires that a chattel mortgage must be filed for record in the office of the recorder of the proper county within ten days after its execution. As there was no execution until its delivery, the mortgage was recorded in time."

For other cases in point see: *Solt v. Anderson,* 67 Neb. 103, 93 N. W. 205; *Arrington v. Arrington,* 122 Ala. 510, 26 South. 152; *Shaughnessey v. Lewis,* 130 Mass. 355; *Wells v. Lamb,* 19 Neb. 355.

The mortgage, being filed within the time provided by law, became and was a lien upon the property described therein from the time of its execution on December 13, and was superior to appellant's attachment levied December 19.  *McCarthy v. Seisler*, 130 Ind. 63, 29 N. E. 407; *Hanson v. Cochran*, 9 Del. 184, 31 Atl. 880; *Spencer Co. v. Papach*, 103 Iowa 513, 70 N. W. 748, 72 N. W. 665; *Way v. Braley*, 44 Mo. App. 457.

Error is next predicated upon a claim of usury, the loan by respondent to defendant being $200, and the note and mortgage calling for a repayment of $220, with interest. This can be of no avail to appellant for two reasons, first, he failed to plead usury, and this court has held, in two cases, *Brundage v. Burke*, 11 Wash. 679, 40 Pac. 343, and *Grubb v. Stewart*, 47 Wash. 103, 91 Pac. 562, that usury to be available as a defense must be pleaded; second, the defense of usury is personal to the debtor and his privies.  Webb, Usury, §§ 363-368; *Bensley v. Homier*, 42 Wis. 631; *Missouri Real Estate Syndicate v. Sims*, 179 Mo. 679, 78 S. W. 1006; *Pardoe v. Iowa State Nat. Bank*, 106 Iowa 345, 76 N. W. 800; *Adams v. Robertson*, 37 Ill. 45; *Pritchett v. Mitchell*, 17 Kan. 355, 22 Am. Rep. 287; *Mason v. Pierce*, 142 Ill. 331, 31 N. E. 503.

The remaining error is based upon the inclusion by the court of an attorney fee to appellant in the sum of $75. The note and mortgage both provided for the payment of —————— dollars attorney's fee.  During the examination of intervener the record shows the following:

"Mr. Birdseye: Your Honor, we allege here that $75 is a reasonable attorney's fee as provided in the mortgage for its foreclosure.  Do you desire proof upon that?  I am willing to submit that to the court or ask Mr. Curtiss' opinion.  Mr. Curtiss:  Why, I think that is all right.  I think I would want that kind of a fee myself if I foreclosed the mortgage. I am willing to admit that is a reasonable fee."

This would seem to dispose of this assignment, and we do

not care to add more than that the allowance of attorney's fees under the above circumstances was not error.

The judgment is affirmed.

Rudkin, C. J., Chadwick, Crow, Mount, Parker, and Dunbar, JJ., concur.