[No. 22393. Department Two. February 25, 1931.]

R. J. Arnot, *Respondent*, v. Casper Fischer *et al.,*
*Appellants.*[1]

*James R. Chambers,* for appellants.
*Chas. W. Johnson,* for respondent.

Fullerton, J.—On March 31, 1926, the appellants,
Fischer, executed and delivered to the Gevurtz Furni-
ture Company their promissory note for the sum of
twenty-seven hundred dollars, and secured the note by
a chattel mortgage on certain furniture claimed to be
owned by the appellant wife. Shortly thereafter, the
Gevurtz Furniture Company assigned the note and
mortgage to the Sound Industrial Loan Company, and

[1]Reported in 295 Pac. 1116.

that company, later on, began an action to foreclose
the mortgage by notice and sale. The appellants con-
tested the right of the company to foreclose the mort-
gage, causing the proceedings to be transferred to the
superior court for that purpose. Among other de-
fenses to the foreclosure proceedings, they set up the
defense of usury, averring that the consideration for
the note and mortgage was for money loaned to them
in the sum of two thousand dollars, and that the addi-
tional sum of seven hundred dollars was exacted as a
bonus for making the loan.

The proceedings were, thereafter, dismissed pur-
suant to a stipulation entered into between the parties,
and the time for payment of the note extended. On
the expiration of the time to which the payment of the
obligation was extended by the stipulation, namely,
November 1, 1928, the holder of the obligation again
threatened foreclosure. To avert this, the appellants
employed another concern to find a purchaser for the
note and mortgage. The concern employed did find
a purchaser in the person of the respondent, Arnot,
the appellants paying the concern two hundred dollars
for its services.

The purchaser of the note and mortgage was seem-
ingly not more lenient than the prior holders of the
instrument. He, also, threatened foreclosure, and, on
March 23, 1929, the appellants executed and delivered
to him a note for seven hundred dollars, payable two
months after date, the sole consideration for the note
being, and so recited on its face, an extension of the
time of payment of the original obligation. This note,
the appellants secured by a second mortgage on prop-
erty described in the original mortgage.

On July 2, 1929, the respondent began an action in
the superior court of King county to foreclose the
mortgages. While both of the appellants were named

as parties thereto, the summons and complaint was served on the husband only, and the wife did not appear therein. Later on, the husband appeared and executed what purported to be a confession of judgment, in which he acknowledged the service upon him of the summons and complaint, and consented that judgment might be entered against himself personally and against the community composed of himself and his wife, for the sum demanded in the complaint, together with attorney's fees and costs. This instrument, together with the complaint, was filed with the court on August 8, 1929, and, on that day, the court adjudged the husband to be in default for want of an answer, and entered a judgment against him and the community composed of the husband and wife, for the sum of $1,892.28, with interest, costs and attorney's fees aggregating a further sum approximating three hundred dollars.

On August 9, 1929, the husband and wife appeared separately, and "by way of motion and petition" sought to vacate the judgment, and sought leave to defend the action. These applications were heard together by the court, and were, in one order, denied. The appeal before us is from the order denying the applications.

Noticing first the application of the appellant husband, we conclude that it was properly denied. If his recitals be true, he has been subjected to some rather extortionate exactions, but he consented to the entry of the judgment, and this clearly was a waiver of his right to have the judgment vacated on the ground stated. Whether the trial court could have vacated it as matter of discretion, we need not inquire. Conceding that it could have done so, its refusal to so do could in no sense be held to be an abuse of discretion.

He says further in his petition, it is true, that he consented to the entry of the judgment against him because he was threatened with a foreclosure outside of court, and because the respondent's counsel agreed "that an extension of time would be given and everything would be jake" if he so consented; but these matters are hardly grounds for vacating a judgment as matter of right. The threat, if otherwise of concern, was impotent, because the mortgagor did not resort to the form of procedure he threatened. The agreement alleged is, likewise, without effect as a cause for vacating the judgment. Oral agreements of this sort, when disputed, and when made out of the presence of the court, will rarely be given effect in the trial court; much less is it available as a cause for vacating a judgment on appeal.

Nor is a claim of usury, however well founded, a cause for vacating a judgment as matter of right. Whatever may have been the ancient rule, or the rule of the common law, the exaction of compensation for the use of money is not now regarded as an illegal exaction. It is as legitimate as is the exaction of compensation for the use of any other form of property. Because of its liability to abuse, the amount of the exaction, and the penalties to be inflicted, if abused, are regulated by statute, but the statutes are regarded as personal to the party injuriously affected, and the right to exact the penalty may be waived by him if he so chooses. It is held by the courts generally, and we have uniformly held, that the right is waived if not pleaded as a defense to the action in which the question naturally arises. *Brundage v. Burke,* 11 Wash. 679, 40 Pac. 343; *Grubb v. Stewart,* 47 Wash. 103, 91 Pac. 562; *Fenby v. Hunt,* 53 Wash. 127, 101 Pac. 492.

■ We think, also, that the application of the wife to vacate the judgment was also properly denied. She was not brought into the action, and the judgment entered therein in no way affects her rights. If it be true, as she alleges, that the mortgaged property was her separate property, and that the obligations which the mortgage thereon was given to secure were usurious, and that enough has been paid on the obligations after the penalties for exacting usury are deducted to satisfy the obligations, she is at liberty to so assert when an attempt is made to seize and sell the property under the decree of foreclosure entered in the action against her husband, or she may suffer the property to be sold, and recover against the parties conducting the sale as for a conversion of the property.

Nor, if the property is community property, is she barred by the judgment against her husband from asserting the rights of the community. The judgment is at most only *prima facie* evidence that it is valid as against the community. If it is invalid, the wife may, in her own right, make the defense and resist any sale of the community property thereunder.

Since the wife was named in the complaint in foreclosure as a party to the action, she could have appeared therein and set up her defenses to the action. But she was not obligated so to do. It was the duty of the plaintiff to bring her into the action in the regular way, if he wished to have her rights determined, and he could not, by any form of judgment to which she is not a party, work an estoppel against her. But it does not follow, because her interests have not been cut off by the judgment, that she has the right to have it reopened and the right to defend in the particular action. Possibly, it would have been within the discretion of the trial court to have permitted her to do so, but it was a discretion vested in that court,

72

which the appellate court will not review on an appeal. The order appealed from is affirmed.

TOLMAN, C. J., MITCHELL, and MILLARD, JJ., concur.

BEALS, J., concurs in the result.