JAY H. MANS, APPELLANT, v. MORRIS BRODY, CONSTABLE AND BAILIFF FOR RARITAN RECREATION COMPANY, INCORPORATED, AND RARITAN RECREATION COMPANY, INCORPORATED, RESPONDENTS.

Submitted May 12, 1933—Decided September 12, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Ezra W. Karkus.*

For the respondents, *George J. Miller.*

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment rendered by the judge, sitting without a jury, in favor of the defendants-respondents, hereinafter called defendants, and against the plaintiff-appellant, hereinafter called the plaintiff, in an action of replevin. The agreed state of the case discloses the following facts: John Avizino and Frank Vetrano were tenants at premises, 261 New Brunswick avenue, Perth Amboy, New Jersey. On January 3d, 1933 (nine-thirty A. M.), they made, executed and delivered a chattel mortgage on the goods and chattels contained in the premises to the plaintiff. It was recorded at three-ten o'clock (P. M.) of the same day. At eleven o'clock (A. M.) of the same day—after the chattel mortgage had been executed and delivered—but before it was recorded, the landlord caused a warrant of distress to be issued for rent due from December 21st, 1932, to January 3d, 1933. A levy and inventory was made thereunder. The constable or bailiff of the landlord refused to permit the removal of the goods by the plaintiff, who claimed same by virtue of a default in the terms and conditions of the chattel mortgage, the bailiff claiming a prior lien by virtue of the distress. Whereupon this suit. By way of explanation it should be pointed out that a judgment had been entered against Louis Dartz, originally involved in this case, but it is agreed that he is not now concerned in this appeal. Succinctly stated, the question involved on this appeal is whether the lien of the landlord or the lien of the plaintiff (mortgagee) has priority.

No case in our state has been brought to our attention, nor have we been able to find any directly on all fours with the instant case. The authorities are not in accord. In order to review the cases in our state touching certain phases of this question it becomes necessary to refer to the pertinent sections of our act entitled "An act concerning mortgages on chattels (Revision of 1901)," *Comp. Stat., p.* 463. which are as follows:

Section 4. "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made,

which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, *shall be absolutely void as against the creditors of the mortgagor* \* \* \* *unless the* mortgage \* \* \* *be recorded as directed in the succeeding section of this act* \* \* \*" and

Section 8. "Every chattel mortgage heretofore recorded according to law or hereafter recorded pursuant to the provisions of this act shall be valid against the creditors of the mortgagor \* \* \* *from the time of the recording thereof until the same be canceled of record* \* \* \*."

Sections 4 and 8 of the aforesaid act in so far as it is applicable to the issue presented is in substance similar to sections 4 and 9 of the act of *Pamph. L.* 1885, *p.* 318. An exhaustive and most interesting and historic review of the latter act, as it then remained, is found in the case of *Roe* v. *Meding,* 53 *N. J. Eq.* 350. In this case on page 367, Judge Van Syckel held:

"Our cases uniformly hold that the object of these enactments (Chattel Mortgage acts) was to give publicity to liens upon personal property, and to sweep away secret arrangements, by which creditors were embarrassed and defeated. *DeCourcey* v. *Little,* 4 *C. E. Gr.* 119; *S. C.,* 6 *C. E. Gr.* 357; *Bank* v. *Sprague,* 6 *C. E. Gr.* 530."

The object of our statute on chattel mortgages having thus received judicial interpretation, it is the well settled rule of construction, based upon sound policy, that where words in a statute have received judicial construction, the legislature will be deemed to have used them in the sense that had been thus ascribed to them. *Commercial Trust Co.* v. *Hudson County Tax Board,* 87 *N. J. L.* 179, 183; 25 *R. C. L.* 992; *Lynch* v. *Long Branch,* 111 *N. J. L.* 148, 153.

A strict compliance with the provisions of the Chattel Mortgage act of 1902, as aforesaid, is essential to the validity of a chattel mortgage. The *bona fides* of the mortgage is not questioned in the agreed facts. No one does, nor could anyone, successfully challenge the fact that it was not recorded imme-

diately. This brings us to the next query. If there be a strict compliance with the provisions of the statute (1902) as of what time does the mortgage become valid? This, to us, seems clear. The answer to this query is found in the act itself. Section 8 of the act, *inter alia,* provides that if a chattel mortgagee records the instrument *"pursuant to the provisions of this act* it is valid against creditors of the mortgagor, *from the time of the recording thereof."*

Great stress is laid by plaintiff on the case of *Woodside* v. *Adams,* 40 *N. J. L.* 417. Point is made that it has constantly been cited and followed up to the present time. No one quarrels with the law of the case. It is unquestionably one of our leading cases on the subject and for over a half century has withstood all assault. Little wonder that it is cited with approval. But are the facts of that case applicable to the facts in the instant case? We think not. In the case of *Woodside* v. *Adams, supra,* the mortgage was recorded September 1st, 1875, while the landlord issued the distress warrant on September 4th, 1876. The chattel mortgagee had taken possession of the goods more than a week prior thereto —August 22d, 1876. The mortgagee had a superior equity over that of the bailiff who subsequently seized the goods under the distress warrant. In the instant case the landlord made the levy before the chattel mortgage was recorded and the rent claimed was for a period of time prior to the date of the mortgage.

In *Bodell* v. *Investment Co.,* 88 *N. J. L.* 155, the chattel mortgage was recorded in June, 1914. The seizin of the goods under a distress warrant was in October, 1914. Thus the lien of the chattel mortgage was held to be prior to the lien of the landlord. Woodside *v.* Adams was held to be dispositive of the case. In the instant case the reverse facts are true.

In *Schwartz* v. *King Realty and Investment Co.,* 93 *N. J. L.* 111, although Woodside *v.* Adams was cited with approval the real question involved and determined was the applicability of the Bulk Sales act to a public auction sale. In *Bryson* v. *Miller Realty Co.,* 108 *Id.* 434, where again Woodside *v.* Adams is cited with approval, the case determined

that a tenant's adjudication in bankruptcy, before institution of distress proceedings, takes priority of such title as passes by sale in the distress proceedings.

Plaintiff further urges that this court should follow and adopt the view entertained by some authors (5 *R. C. L.* 449, ¶ 84; 11 *C. J.* 534, § 223 and others), and some jurisdictions (*McCarthy et al.* v. *Seisler,* 130 *Ind.* 63; 29 *N. E. Rep.* 507; *Baker* v. *Smelzer,* 88 *Tex.* 26; 33 *L. R. A.* 163—see, also, foot note 99, 11 *C. J.* 534), and others, all of which in substance hold:

"Where there is a question as to the priority of liens the general rule is that the lien of the mortgage will attach from the time of its execution when the mortgage is subsequently duly recorded. And where a statute provides that a mortgage shall be filed forthwith and it is filed forthwith it becomes operative as against all the world from the time of its execution, as the implication of the statute is that if a mortgagee complies with it he will be protected, even as against another lien acquired by levying an attachment on the property between the date of the mortgage and the date of the record" or * * *

As the rule is sometimes stated:

" * * * as a general rule where there has been a compliance with the requirements of a statute, either that a mortgage should be filed *'forthwith within a reasonable time'* or within a specified time, the filing relates back to the time the instrument was executed and cuts out intermediate claims."

Horns of a dilemma are thus presented. It is quite obvious that whichever view we adopt, that it cannot preclude particular instances of undue hardship. Real estate under our form of government carries the great portion of the tax burden. Landlords are creditors (*Brown* v. *Harris,* 67 *N. J. L.* 207) and have been made favored claimants. Section 4, Landlords' Lien on Tenants' Goods. 3 *Comp. Stat., p.* 3066.

To preserve records and give notice to the world of those records—recording facilities are everywhere provided. Whatever may be the language of the statutes in other juris-

dictions our statute does not seem to lend itself to the suggested construction. On the contrary, the object of our act, of sweeping away secret arrangements by which creditors are embarrassed and defeated, shall be greatly fortified if we follow the plain language thereof and hold that a chattel mortgage, otherwise valid, continues to be valid as against creditors of the mortgagor, *"from the time of the recording thereof."*

Judgment is affirmed, with costs.