**COMMERCIAL CREDIT CO. v. SEMON.**

District Court, N. D. California, Second Division. June 5, 1928.

No. 18000.

recites the fact of this "purchase," a subsequent assignment to the Board of Trade by Kurzman & Mattal, and the purchase by Semon of the business, followed by the guaranty of the accounts by Semon "as and for the consideration for the purchase and sale thereof of the said assets and for other valuable consideration."

A demurrer on account of the nonjoinder of Kurzman & Mattal having been heretofore overruled, defendant has answered, admitting the execution of the contract, but denying that there was consideration therefor. Defendant also cross-complains, alleging that the accounts in question were assigned, not purchased, by plaintiff, setting up certain alleged usurious practices of plaintiff, seeking to have the agreement sued upon declared null and void, and requesting an accounting upon which to base a judgment for defendant and for Kurzman & Mattal, who are sought to be joined, for the excessive amounts alleged to have been paid, together with the penalties (treble the amount of the usurious interest paid) imposed by the usury law of California. Stats. Cal. 1919, p. lxxxiii.

Plaintiff demurs to the cross-complaint and moves for judgment on the pleadings. The latter motion must be denied, as the allegation as to lack of consideration raises an issue.

The demurrer to the cross-complaint must be sustained on several grounds. In the first place, the California usury law does not make the principal obligation void, but merely denies all right to interest. It permits the recovery of usurious interest paid, the amount being trebled by way of penalty. This right of recovery is, however, personal, and is available only to the debtor or his personal representative, and action must be brought within one year.

This cross-complaint was filed March 10, 1928. No recovery of interest paid prior to March 10, 1927, nor penalties for such payments, can therefore be had. The major portion of the transactions set forth in the cross-complaint as constituting usury are alleged to have occurred prior to the guaranty contract, during the period when Kurzman & Mattal alone, and not this defendant, were dealing with plaintiff. The guaranty contract was not signed until April 5, 1927.

More important than this objection to the cross-complaint is the fact that the right to avail oneself of the usury law is a personal one, and this cross-complainant is not entitled to avail himself of any usury

See, also, 33 F.(2d) 358.

Chas. W. Haswell, of San Francisco, Cal., for plaintiff.

William Klein and Arthur H. Barendt, both of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. An action at law has been brought by the Commercial Credit Company against Samuel Semon on a contract wherein he guaranteed certain accounts receivable and other obligations said in the guaranty contract to have been previously "purchased" by the plaintiff from Kurzman & Mattal, copartners. The contract, set forth in full in the complaint,

which may have existed between plaintiff and Kurzman & Mattal. It is true that in certain instances the guarantor may avail himself of usury in the obligation guaranteed, but this is not the case where his guaranty is independent of the original transaction, and is either based upon new consideration or amounts to a novation. 39 Cyc. 1062, 1074, 1005. It appears from the face of the cross-complaint that the alleged usury was in the contract between plaintiff and Kurzman & Mattal, which is separate and independent from the contract here in suit.

■ Further objection may be made to the cross-complaint, in that it does not set out all the essential elements of usury: (1) The loan or forbearance. (2) The amount of the loan. (3) The time, place, and maturity date of the contract. (4) The amount of the usurious interest. (5) The corrupt intent to reserve more than the legal rate of interest.

■ The chief defect is in the failure to set forth the amount of the usurious interest alleged to have been paid. It is true that an accounting is sought to determine this amount, but it is a principle of equity that no accounting may be had in a transaction involving a penal statute, unless the penalty be waived. 39 Cyc. 1010, 1015.

For the reasons above stated, the demurrer to the cross-complaint will be sustained. Motion for judgment on the pleadings denied.