[No. 26212. Department One. August 24, 1936.]

JOHN HARDER, *Respondent,* v. E. S. McKINNEY *et al.,*
*Appellants.*[1]

*Fred M. Bond,* for appellants.

*E. L. Casey* and *Welsh & Welsh,* for respondent.

[1]Reported in 60 P. (2d) 84.

MITCHELL, J.—This is a suit by John Harder against E. S. McKinney and wife, Edgar Patrick and wife, G. W. Jackson and wife, and others, on a note and mortgage given by E. S. McKinney and wife to Edgar Patrick, wherein findings of fact and conclusions of law were entered in favor of the plaintiff. There was judgment and decree of foreclosure in favor of plaintiff, according to the findings and conclusions. The defendants have appealed.

The findings of fact are, in substance, as follows: On May 9, 1931, E. S. McKinney and his wife, for value received, executed and delivered to Edgar Patrick their negotiable promissory note in the sum of three thousand dollars, due three years after date, with interest payable annually at seven per cent per annum. At the same time, and in order to secure the payment of the note, the makers executed and delivered to Edgar Patrick a real estate mortgage on one hundred acres of oyster land in Pacific county. The mortgage was recorded in the auditor's office of the county on June 1, 1931.

After the execution and delivery of the note and mortgage, and prior to maturity, Edgar Patrick, for a valuable consideration, endorsed the note, and, by an assignment in writing of the mortgage, delivered them to John Harder, the respondent. The assignment of the mortgage was placed of record in the auditor's office of that county on June 15, 1931.

The assignment of the note and mortgage was made by Edgar Patrick to John Harder as collateral and pledge to protect Harder against any payment he might be compelled to make on account of a negotiable promissory note payable to Arthur Goodwin, a son-in-law of Harder, given by Harder, Patrick and one H. E. Young, for money borrowed in the sum of thirty-five hundred dollars.

· Upon the maturity of the thirty-five hundred dollar note, John Harder, one of the joint and several makers of it, was called upon to pay, and did pay, the full amount of the note to Arthur Goodwin. Thereupon, Harder brought suit in the superior court for Walla Walla county to foreclose the pledge by Edgar Patrick of the McKinney note and mortgage. That suit resulted in a judgment for Harder, which was executed by a sheriff's sale of the McKinney note and mortgage to John Harder.

The trial court further found in the present case that the amount due and owing at the date of the trial from the defendants E. S. McKinney and wife and Edgar Patrick is the sum of $3,484.89, with interest at seven per cent per annum, and attorneys' fees as provided in the note; that the provisions of the note and mortgage have not been kept by the makers, because of their failure to pay principal and interest as provided therein, and also because the makers permitted taxes on the real estate to become delinquent; and that the interest of the defendants or any of them in the real property described in the mortgage is junior and subordinate to the lien of the mortgage held by the plaintiff.

The conclusions, judgment and decree of foreclosure of the mortgage follow the findings in favor of John Harder, the respondent.

The trial court made seven findings of fact. Assignments of error 1 to 7 attack those findings. It is argued, generally, that the findings are contrary to the preponderance of the evidence. In our opinion, the preponderance of the evidence is in favor of the findings, though in some respects the evidence is conflicting.

It is more particularly contended, under other assignments, that the respondent is not a *bona fide*

holder, for value, of the McKinney note because, upon delivery of the note and mortgage, Edgar Patrick, the payee, gave, it is claimed, only a portion of the face value of the note, promising to pay the balance upon a sale of the note and mortgage intended to be made by Edgar Patrick, which promise was never complied with. There was some testimony to that effect, but Harder had no notice of it. He took the note before maturity and for value. It is negotiable in form and fair upon its face.

Again, appellants McKinney and wife claim that the judgment is excessive because the note given by Harder, Patrick, and Young to Goodwin was usurious. Appellants are not in a position to raise that question here. That inquiry, under Rem. Rev. Stat., § 7304 [P. C. § 3161], is pertinent only in a suit upon the contract alleged to be usurious. The present suit is not on the note to Goodwin. The rule in such circumstances is as follows:

"Where a bond and mortgage are assigned by the mortgagee as collateral security for a usurious note given by him, the mortgagor cannot claim a credit for usurious payments on the note." 66 C. J. p. 342, § 353.

Under another assignment, appellants complain, and respondent admits, that an allowance for attorney's fees in the case is excessive to the extent of $240. Respondent consents now to a modification of the judgment to that extent, without its affecting costs on appeal, for the reason that the matter was not called to the attention of the trial court by the appellants. The modification in this respect, without its affecting the costs in this court, will be directed.

Under another assignment, it is contended that the action in the superior court for Walla Walla county foreclosing the lien of the pledge of the McKinney note and mortgage was a nullity, because, upon the record,

it appears that personal service of the summons and complaint in that action was made on Edgar Patrick, the defendant therein, in Portland, Oregon, "before any complaint or amended complaint was *filed.*" The argument is that Rem. Rev. Stat., § 233 [P. C. § 8446], provides that publication of summons shall not be had until after the filing of the complaint, and that Rem. Rev. Stat., § 234 [P. C. § 8447], provides that personal service on the defendant out of the state shall be equivalent to service by publication.

It is to be noticed that § 234 compares the two kinds of service when completed—they are equivalent—but there is no comparison of the manner of making the two kinds of service. The commencement of a civil action by personal service upon one outside of the state is regulated by Rem. Rev. Stat., § 220 [P. C. § 8432], which provides for the commencement of a civil action in the superior court "by the service of a summons, as hereinafter provided, *or* by filing a complaint with the county clerk," and then it provides that, unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from filing the complaint. Personal service of the summons, whether in or out of the state, constitutes the commencement of the action.

Appellants Jackson and wife, in their answer, set up two cross-complaints, claiming in each a balance due Edgar Patrick from the plaintiff for personal services rendered, which accounts had been assigned by Patrick to Jackson and wife. A demurrer was sustained to these cross-complaints. Jackson and wife claim that the ruling constituted error. The cross-complaints consisted of collateral matters in no way connected with the subject matter of the main action,

nor did they grow out of it, nor affect all of the parties to the main action. The demurrer was properly sustained.

Some other contentions are made on behalf of the appellants which, we think, require no separate discussion. They have been considered by us and found to be without substantial merit.

The judgment will be modified, as hereinbefore stated, by a reduction in the attorney's fee, as indicated, the modification not to affect the costs on the appeal. In all other respects, the judgment is affirmed.

TOLMAN, STEINERT, and GERAGHTY, JJ., concur.

MILLARD, C. J. (concurring)—I agree with Mitchell, J. I concur in reduction of the attorney's fee in view of respondent's admission that it is excessive to the extent of $240.