[No. 39516.    Department Two.    January 9, 1969.]

J. FREDERICK PALMER, *Respondent,* v. STEVENS-NORTON, INC., *et al., Appellants.**

*Reported in 449 P.2d 689.

*Torbenson, Thatcher, Stevenson & Burns,* by *Robert Stevenson,* for appellants.

*Beresford & Booth,* by *Robert W. McKisson,* for respondent.

POYHONEN, J.†—The question determinative of this appeal may be stated as follows: Where a plaintiff has purchased from his own agent, a mortgage broker, two promissory notes and has simultaneously received from the broker a guaranty that the notes would be paid in accordance with their terms and the plaintiff sues upon the guaranty and not upon the notes, is the defense that the notes are usurious available to the guarantor?

The trial record shows that Stevens-Norton, Inc., prior to receivership, was engaged in the mortgage investment and brokerage business. Larry Stevens and William G. Boyd were its principal officers and owned all, or virtually all, of the corporate stock. J. Frederick Palmer (hereinafter called the respondent) has considerable experience in business and investments, and over a 3-year period had bought from Stevens-Norton, Inc., several promissory notes secured by second mortgages on real estate.

It is undisputed that respondent purchased from Stevens-Norton, Inc. the notes in question, the Hendricks note and the Martin note, which were secured by a second mortgage on realty, each in the face amount of $2,500. These notes provided for interest at 10 per cent per annum and monthly payments of $50 for 3 years, at which time each indebtedness was to be fully discharged by a "balloon" payment. It is admitted by appellants, Stevens and Boyd,

---

†Judge Poyhonen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

that Stevens-Norton, Inc. acted in these transactions as the respondent's agent.

As a condition of purchase, respondent required from Stevens-Norton, Inc., and not from Hendricks and Martin, a 5 per cent discount of $125 from the face of each note, and from Stevens-Norton, Inc., and from Stevens and Boyd, individually, a guaranty that the notes would be paid in accordance with their terms. Respondent's return on his investment over the 3-year period, had the notes been paid according to their terms and considering the discount, would have exceeded 12 per cent per annum by $35.41 on the Hendricks note and by $29.63 on the Martin note.

Further, the record shows that Stevens-Norton, Inc. had charged each debtor a commission or "finder's fee" of $500. Over the 3-year period, the interest contracted for, taking into account the commission charged by Stevens-Norton, Inc., would have exceeded 12 per cent per annum by $410.41 on the Hendricks loan and by $404.63 on the Martin loan. Under RCW 19.52.030 and our holding in *Busk v. Hoard,* 65 Wn.2d 126, 396 P.2d 171 (1964), the notes were usurious.

After the mortgagors defaulted, respondent instituted an action on the guaranty and recovered judgment against Stevens and Boyd, individually, for the balance due on both notes together with interest from the date of default until paid at the rate of 12 per cent per annum. The notes had provided for 12 per cent interest per annum after default.

The trial court found that Stevens-Norton, Inc., its officers or employees, had not disclosed to respondent the commissions charged the borrowers and that respondent did not have knowledge of the usurious nature of the notes at the time he purchased them. Appellants assign error to these findings of fact.

From the above facts, the trial court concluded that the defense of usury was not available to appellants because: (1) Usury is a defense personal to the borrowers, and appellants are not in privity with them; (2) This action is upon an independent guaranty agreement and not upon the

notes; and (3) Appellants, because of their conduct toward and their relationship to respondent, are estopped to assert the defense of usury. Appellants assign error to each of these conclusions of law.

We find substantial evidence to support the findings of fact of the trial court. Respondent testified that he did not know and was not told of any commissions charged by his broker. Stevens testified that he did not deal with respondent and that Boyd handled respondent's account in the office. Boyd asserted that he did not remember what, if anything, he told respondent about Stevens-Norton's arrangements with the debtors. Appellants called no other officers or employees as witnesses. In short, there is no evidence that respondent had actual knowledge of the usurious nature of the notes.

But appellants maintain that respondent, as a man of business experience, was bound to know that the notes were usurious, and that with the discount to respondent, the loans were usurious even without any commissions charged by the broker. This argument is specious in that it ignores the undisputed evidence that respondent did not make the loans to Hendricks and Martin but rather *purchased* the notes and mortgages from Stevens-Norton, Inc. without ever so much as seeing or meeting the borrowers. Respondent, Stevens, and Boyd all testified that this was a *purchase* and a *sale*. The notes were not usurious on their face. Whether a note is usurious depends entirely on what a borrower is required to pay for the use of the borrowed money and does not depend on what return a bona fide purchaser for value seeks to realize on his investment. True, had respondent sued the debtors he would not then have been relieved of the implications of usury, for the knowledge of his agent would have been attributed to him. *Busk v. Hoard, supra.* However, the latter proposition is not now before us.

The findings of the trial court, being supported by substantial evidence, will not be disturbed on appeal. *Koller v. Flerchinger,* 73 Wn.2d 857, 441 P.2d 126 (1968); *Ramstead v. Hauge,* 73 Wn.2d 162, 437 P.2d 402 (1968);

*Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

The trial court concluded that appellants are not in privity with the borrowers and cannot urge usury as a defense. We agree.

■ In this state it has long been held that the defense of usury is a personal defense. RCW 19.52.030; *American Sav. Bank & Trust Co. v. Helgesen,* 64 Wash. 54, 116 Pac. 837 (1911); *Fenby v. Hunt,* 53 Wash. 127, 101 Pac. 492 (1909); *Grubb v. Stewart,* 47 Wash. 103, 91 Pac. 562 (1907). Only a debtor or borrower and those in privity with him can assert the defense of usury. *Harder v. McKinney,* 187 Wash. 457, 60 P.2d 84 (1936); *Fenby v. Hunt, supra; Grubb v. Stewart, supra.*

■ The appellants are not in privity with the debtors. There is no privity between a lender who exacts an unlawfully excessive rate of interest and his borrower victim. Such a lender cannot, by the device of a sale of such a usurious loan to a second victim, place himself in privity with the first. *The law of usury was never intended for the benefit of those who are not and cannot be injured by the usurious transaction. Sosin v. Richardson,* 210 Cal. App. 2d 258, 26 Cal. Rptr. 610, 614 (1962).

■ The trial court concluded that appellants' guaranty was an independent agreement, not secondary or collateral to, or a part of, the loan transactions between Stevens-Norton, Inc. and Hendricks and Martin, and that the guaranty was a valid, enforceable contract. We agree with that determination.

After Stevens-Norton, Inc. made the loans to Hendricks and Martin, it then advertised them for sale. Appellants by individually becoming parties to the guaranty agreement induced respondent to buy the notes secured by second mortgages. Appellants and their corporation received a direct benefit from the sale by reason of the commissions charged and the collection fees to be received during the life of the notes. The guaranty was in no way, nor could it be, a benefit or accommodation to the debtors. The guaranty is independent of the usurious loans, is supported by

160

consideration, and is therefore enforceable. *See. Commercial Credit Co. v. Semon,* 33 F.2d 356 (N.D. Cal. 1928); *Sosin v. Richardson, supra.*

We do not reach the question of whether appellants are estopped, by reason of their conduct toward and their relationship to respondent, to assert the defense of usury. We have held, as did the trial court, that appellants are not in privity with the debtors and that the defense of usury is not available to them. As a consequence thereof, there exists no factual basis for a consideration of the possible application of the equitable doctrine of estoppel.

The judgment is affirmed.

FINLEY, C. J., HUNTER and HAMILTON, JJ., concur.

HILL, J., concurs in the result.

March 5, 1969. Petition for rehearing denied.

---

\*Reported in 449 P.2d 404.