[No. 42061. En Banc. June 1, 1972.]

EDWARD M. HYNES et al., Appellants, v. ARMAND J. RAVETTI et al., Respondents and Cross-appellants.

*Arnold B. Robbins* (of *Breskin, Rosenblume & Robbins*), for appellants.

*William G. Jenkins,* for respondents and cross-appellants.

NEILL, J.—Plaintiffs bring this declaratory judgment action under RCW 19.52.032 to ascertain whether a promissory note on which they are makers is usurious. Defendants are holders of the note and securing mortgage, having acquired the documents from Liberty Mortgage, Inc. For convenience we will refer to the parties in the singular.

Liberty Mortgage, Inc., is engaged in second mortgage financing in the Seattle area. In the fall of 1968 it advertised its business in the classified section of a Seattle daily newspaper. Plaintiff, Mr. Hynes, is a certified public accountant, who, being desirous of obtaining a loan, re-

sponded to the Liberty Mortgage advertisement. The consequent facts are, in varied instances, a matter of dispute. However, the record before us contains substantial evidence in support of the trial court's findings and these constitute verities on appeal. *See, e.g., Milmanco Corp. v. Cooke,* 78 Wn.2d 490, 475 P.2d 884 (1970). The facts, as found by the trial court, follow.

Plaintiff entered into an agreement with Liberty Mortgage whereby the latter would seek funds for the plaintiff from third parties. Such loan was to be on a note secured by a second mortgage. Plaintiff agreed to pay the costs of obtaining and closing the loan, together with a commission to Liberty Mortgage for its services. Liberty Mortgage was in fact and to the knowledge of plaintiff acting solely as a broker on plaintiff's behalf to obtain the requested loan. Plaintiff also knew that the funds for this loan were to come from a sale of the note and mortgage at discount to a third party.

Prior to executing the proffered loan papers, plaintiff consulted legal counsel. The proposed transaction was discussed in detail with counsel who informed plaintiff that in his (counsel's) opinion the transaction could be usurious. Counsel also informed plaintiff of the penalties for usury. At the time plaintiff executed the loan documents, he believed the transaction to be usurious and intended to use the usury statutes against any purchaser of the note and mortgage.

On September 6 and 7, 1968, plaintiff executed a note, mortgage and other security documents in favor of Liberty Mortgage, Inc. The note was in the face amount of $5,300 and provided for interest at 10 per cent per annum. Plaintiff neither received nor expected value from Liberty Mortgage for the note and security documents.

Meanwhile, Liberty Mortgage approached prospective "purchasers" of the note informing them that it had loaned money to plaintiff and offering to sell the note and mortgage at discount. In an effort to get the best rate for its client, these prospective lenders were invited to bid on the

plaintiff's loan. Defendant Ravetti, being one of the persons contacted by Liberty Mortgage, Inc., offered to purchase the note and mortgage for the sum of $4,600. This bid was accepted by Liberty Mortgage. Defendant's payment of the $4,600 was the first value given for said note and mortgage. Defendant believed he was purchasing an existing note and mortgage for which value had already been given, relying in part for this belief upon a title insurance report and the fact that the mortgage was of record.

Defendant delivered the $4,600 to an escrow agent which closed the loan. Plaintiff received a check for $4,400, the remaining $200 being withheld for transaction costs. Plaintiff immediately delivered his check for $400 to Liberty Mortgage as its commission.

The trial court found that defendant was an innocent purchaser for value and would suffer substantial financial loss if plaintiff were allowed the benefit of the usury penalties. From this the court concluded that plaintiff was estopped to plead usury as he would be unjustly enriched. Nonetheless, it felt constrained by *Baske v. Russell, infra,* to combine the discount taken by defendant with the interest rate on plaintiff's note, thereby rendering the transaction usurious. However, the court fashioned a mode of equitable relief whereby defendant was allowed to recover only the $4,600 actually advanced plus interest at the legal rate, rather than at the contract rate. Both parties appeal.

The compulsion felt by the trial court derived solely from that court's understanding of our language in *Baske v. Russell,* 67 Wn.2d 268, 273, 407 P.2d 434 (1965):

> We hold that a note for which value has once been given can be discounted at any rate, but that the discount of paper for which no value has been previously given must be added to the interest provided for in determining the interest rate, and if this exceeds the rate of interest allowed by the statute, the defense of usury is available.

Absent the addition of the discount in this case, the subject transaction is not usurious. Therefore, the immediate

question before us is the extent to which our holding in *Baske* is applicable here.

In his oral opinion, the trial judge expressly stated that, were it not for what he construed to be our holding in *Baske*, he would rule that defendant, being an innocent purchaser, was entitled to recover the amount of the note according to its terms. In his cross-appeal, the defendant does not suggest that *Baske* should be overruled. Rather, he contends that neither the holding nor the spirit of our decision in *Baske* precludes the defense of estoppel to assert usury. We agree that the trial court's reading of *Baske* was too restrictive, but not for the reasons submitted by defendant.

■ To be sure, the above quoted language from *Baske* could be taken in the stringent sense understood by the trial court. But the proper understanding of that language must take account of the factual context in which it was expressed. The basis of disagreement between the majority and dissent in *Baske* lies in the differing conclusions as to the character of the agency relationship there existing. The dissent based its position on the premise that the intermediary mortgage financing company was solely the agent of the borrowers. A contrary understanding, regarding the intermediary as agent of both borrower and lender, is implicit in the majority's emphasis on the lender's initiative in the transaction. Such understanding by the majority clearly underlies its treatment of the intermediary's commission as part of the "discount," rather than as part of the net amount received by the borrower. *See Busk v. Hoard*, 65 Wn.2d 126, 396 P.2d 171 (1964). While this difference in premise might have been more clearly expressed, we think that difference is inescapably clear upon scrutiny of the opinion in *Baske*.

The importance to our opinion in *Baske* of treating the intermediary as dual agent becomes evident when the following provision of our usury statute (RCW 19.52.030) is recalled:

[W]here the same person acts as agent of the borrower

and lender, he shall be deemed the agent of the lender for the purposes of this act.

In such context, the lender is chargeable with the knowledge of his agent and in such situations, even if the lender had no personal knowledge of a lack of antecedent payment of value, "the discounted paper for which no value has been previously given must be added to the interest provided for in determining the interest rate." That is the meaning of *Baske*.

Here, the agency relationship is quite different. As previously discussed, the facts of this case establish that Liberty Mortgage, Inc., was solely the agent of the borrower, not of the lender. This difference distinguishes our holding in *Baske*.

The trial court concluded that defendant was an innocent purchaser for value and entitled to recover according to the terms of the note, but for that court's understanding of *Baske*, an understanding which is now seen to have been too restrictive. Plaintiff's sole argument against the conclusion that defendant was the innocent purchaser for value is that this conclusion cannot stand in the face of the earlier quoted language from *Baske*. In light of our clarification of the *Baske* holding, that argument loses all force.

The dispositive effect of our preceding discussion makes it unnecessary to reach the remaining assignments of error. Reversed and remanded for judgment in accordance herewith.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, and STAFFORD, JJ., concur.

HALE, J. (dissenting)—Plaintiff signed and delivered a $5,300 note and mortgage carrying 10 per cent interest but received only $4,400 for them. On its face, as his counsel advised and the trial court held, the transaction was usurious, particularly under *Baske v. Russell*, 67 Wn.2d 268, 407 P.2d 434 (1965). The court's opinion now I think, rather than clarifying that case, tends to nullify it.

When one lends money on commercial paper or a mort-

gage under circumstances in which he depends substantially upon the financial responsibility and solvency of the borrower for security, he is drawn into privity with the borrower. And under the usury statutes, RCW 19.52.020-.030, he is bound to inquire into the essence of the transaction. It is no answer to a claim of usury that the borrower knew the transaction was usurious, for the statute is designed to prevent both the intentional and unintentional exaction and payment of usury. That a fool or a knave or one in desperate straits may willingly contract to pay usurious interest, does not, under the statutes, excuse one in exacting it.

I would therefore, under *Busk v. Hoard,* 65 Wn.2d 126, 396 P.2d 171 (1964), *Baske v. Russell, supra,* and *Palmer v. Stevens-Norton, Inc.,* 75 Wn.2d 155, 449 P.2d 689 (1969), affirm.

OTT, J. Pro Tem., concurs with HALE, J.