[No. 23713-6-I. Division One. May 29, 1990.]

JOEL M. DURIAS, ET AL, *Appellants,* v. RUTH D. BOSWELL, ET AL, *Respondents.*

*Tarl R. Oliason* and *McKisson & Sargent,* for appellants.

*Rodney T. Harmon* and *Geraghty, VanDerhoef & Harmon,* for respondents.

SCHOLFIELD, J.—Mr. and Mrs. Durias appeal from a summary judgment holding as a matter of law that a loan transaction was not usurious. We reverse.

## Facts

The record before the trial court reflects the following facts. Desiring to borrow $20,000, Durias responded to an advertisement by United Home Loans (UHL). On December 9, 1981, Mr. and Mrs. Durias signed all of the documents necessary to complete the loan. The promissory note was for $25,000 at 17 percent interest. Of the loan proceeds, $4,000 was paid to UHL as a brokerage commission, and approximately $1,000 was used to pay miscellaneous fees and costs normally associated with a secured real estate transaction.

The loan to Durias was funded by investments of respondents Ruth Boswell on December 11, 1981, Barbara McLaughlin (as trustee) on December 14, 1981, and Mr. and Mrs. Trognitz on December 22, 1981. Respondents were named as lenders in the escrow instructions, named as payees on the note, and named as beneficiaries on the deed of trust. The interests of McLaughlin and Trognitz were assigned to Mickelson and Teja in January 1985, prior to any litigation. On January 7, 1985, the Durias loan was extended for a 3–year period at a reduced interest rate of 13 percent. Teja and Mickelson received a 13 percent return on their investments. Both the initial interest of 17 percent and reduced rate of 13 percent were legal rates when agreed to.

Durias' complaint was filed May 23, 1988, and sought a declaration the loan transaction was usurious and for judgment in accordance with the penalties provided by law for usury. The loan to Durias was usurious only if the $4,000 fee charged by UHL is treated as interest. If it is, the interest rate on the $21,000, actually received by Durias, is 26.58 percent. The trial court held as a matter of law the loan was not usurious and entered judgment for defendants.

## RCW 19.52.030(2)

There is no assertion here that Boswell, McLaughlin, or Trognitz had any knowledge of the $4,000 fee. We proceed

on the assumption they did not. It is apparent that the loan arrangements between Durias and UHL were completed, and Mr. and Mrs. Durias had signed all of the documents before the original lenders became involved. There is no indication that any of the original lenders had any contact with Mr. and Mrs. Durias. Under these circumstances, the original lenders can be held liable for engaging in a usurious transaction only on a theory of agency.

Former RCW 19.52.030(2) provides:

> (2) The acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is usurious interest contracted for by the transaction of any agent the principal shall be held thereby to the same extent as though he had acted in person. And where the same person acts as agent of the borrower and lender, he shall be deemed the agent of the lender for the purposes of this act. If the agent of both the borrower and lender, or of the lender only, transacts a usurious loan for a commission or fee, such agent shall be liable to his principal for the amount of the commission or fee received or reserved by the agent, and liable to the lender for the loss suffered by the lender as a result of the application of this act.

The case of *Busk v. Hoard,* 65 Wn.2d 126, 396 P.2d 171 (1964) compels a reversal of the summary judgment entered herein. Respondents contend *Busk* is not a binding precedent because it is a plurality opinion. However, it has never been overruled and was cited with approval in *Palmer v. Stevens–Norton, Inc.,* 75 Wn.2d 155, 449 P.2d 689 (1969). We believe it applies correctly the provisions of former RCW 19.52.030. On April 14, 1960, Hoard applied to Stevens–Norton, a broker, for a loan of $7,500 on which Hoard would pay a 20 percent commission to Stevens–Norton and 10 percent interest on the loan. The maximum legal interest rate was 12 percent. When the $1,500 commission was applied as interest to the $6,000 actually received by Hoard, it made the interest rate usurious.

■ At page 135, the *Busk* court said:

> Though not conclusive in all instances, the most reliable test for usury, we believe, is to compare the amount of money actually received with the amount of money the borrower is obliged to repay, adding thereto whatever additional charges are imposed upon the borrower for the use of the money.

The *Busk* court found on undisputed facts that Stevens–Norton acted as an agent for Busk, the lender. On this issue, the Supreme Court emphasized Busk's reliance on the information about Hoard provided by Stevens–Norton; the drafting and recording by Stevens–Norton of the documents necessary to give Busk a secured loan; and actions taken by Stevens–Norton on behalf of Busk to commence foreclosure proceedings if Hoard did not cure a default in payments. The court also took cognizance of the provision of RCW 19.52.030, which provided that where the same person acts as agent of the borrower and lender, he is deemed the agent of the lender for the purposes of the usury statute.

The *Busk* court held that it made no difference that Busk was not aware of the $1,500 commission, which had the effect of making his loan to Hoard usurious. *Busk,* at 134. The court held this result followed from the well established rules requiring that knowledge of the agent be attributed to the principal. The court also held that the fact that the lender derived no benefit from the usury was immaterial. *Busk,* at 134–35.

### FACTUAL ISSUES PREVENT SUMMARY JUDGMENT

■ A summary judgment motion under CR 56(c) can be granted only if the pleadings, affidavits, depositions and admissions on file demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. All reasonable inferences must be considered in the light most favorable to the non-moving party. Summary judgment should be granted only where reasonable persons could reach but one conclusion. *Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982).

■ An agency relationship exists when one agrees to act for another under the latter's direction and control. Agency is usually a factual question for the jury. *ITT Rayonier, Inc. v. Puget Sound Freight Lines,* 44 Wn. App. 368, 377, 722 P.2d 1310 (1986).

The record in this case raises factual issues requiring reversal of the summary judgment entered by the trial court. The facts involved in the relationship between Boswell, McLaughlin, and Trognitz, as lenders, and UHL as broker, raise a factual issue of agency. The relationship is similar to that between Busk and Stevens–Norton. The lenders relied upon UHL to provide information on the reliability of the borrower. They also had UHL prepare all of the documents necessary to close the transactions and assure to each of them a well secured loan. Like Stevens–Norton in the *Busk* case, UHL also performed recordkeeping functions for the lenders. Under these circumstances, whether UHL was an agent of the lenders is a factual issue to be resolved by a trier of fact. *ITT Rayonier, Inc. v. Puget Sound Freight Lines, supra* at 377.

In *McCall v. Smith,* 184 Wash. 615, 622, 52 P.2d 338 (1935), our Supreme Court said:

> Whether a broker is to be regarded as acting for the borrower, for the lender, or for both, depends on all the facts and circumstances of the particular case, and no one fact, seized from its setting, can be said to be conclusive or controlling under any and all circumstances.

It matters not that UHL may have been an agent of Durias. For purposes of the usury statute, RCW 19.52-.030(2), UHL is the agent of the lenders if it is an agent of both the borrower and the lender.

There also appears to be an issue of fact as to whether the $4,000 fee was a fee for services rather than payment for the use of the money. Where the fact of usury does not appear on the face of the transaction, the party alleging usury has the burden of proof. *Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 576, 573 P.2d 1316 (1978). Where it can be shown that a fee is payment for actual services performed, it is not payment for the use of the money. *Peoples Nat'l Bank v. National Bank of Commerce,* 69 Wn.2d 682, 691, 420 P.2d 208 (1966); *Lincoln v. Transamerica Inv. Corp., supra.* The Duriases must prove

that the $4,000 commission was interest and not a reasonable fee for services. *Manufacturers Acceptance Corp. v. Irving Gelb Wholesale Jewelers, Inc.,* 17 Wn. App. 886, 565 P.2d 1235 (1977); *Aetna Fin. Co. v. Darwin,* 38 Wn. App. 921, 926, 691 P.2d 581 (1984), *review denied,* 103 Wn.2d 1019 (1985).

### MICKELSON AND TEJA

Mickelson and Teja were not original lenders. They came into the picture in January 1985 as replacements for Trognitz and McLaughlin, respectively. Like the original lenders, there is no basis for assuming they knew anything about the $4,000 commission paid UHL by Durias or received any benefit from it.

The record reflects that Mickelson and Teja placed complete reliance upon UHL to find for them a secure loan at an attractive rate of interest. They conducted no independent investigation of any kind. They relied upon UHL to do all of the paperwork involved in the transaction, expecting that UHL would do the work correctly so that their loan would be fully secured. This evidence is sufficient to raise an issue of fact as to whether UHL was an agent for each of them within the meaning of RCW 19.52.030(2). It follows that summary judgment resolving the agency issue as a matter of law was improper. *Wilson v. Steinbach, supra.*

 The fact that Mickelson and Teja were assignees of original lenders does not give them immunity from the provisions of RCW 19.52.030(2). Insofar as the application of the statute is concerned, there appears to be no logical basis for distinguishing Mickelson and Teja from the original lenders.

While this result may turn out to be burdensome for the lenders involved herein, the purpose of the statute is to penalize the charging of usurious interest rates to borrowers. *Baske v. Russell,* 67 Wn.2d 268, 272, 407 P.2d 434 (1965). To engage in the distinctions urged upon us by

respondents would invite collusion and defeat the purposes of the statute.

The judgment is reversed, and this case is remanded to the trial court for further proceedings.

WINSOR and FORREST, JJ., concur.