# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

FORD SERVICES, LLC, a Washington limited liability company,

Appellant,

CITY OF SEDRO-WOOLLEY, a Washington municipal corporation,

Respondent,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee on behalf of Certificateholders of the Morgan Stanley ABS Capital 1 Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2005-HE6,

Respondent.

JOSE JUAN AMARO & MARY AMARO, husband and wife,

Defendants.

No. 72131-3-I

UNPUBLISHED OPINION

FILED: June 29, 2015

VERELLEN, A.C.J. — We must decide the narrow issue whether the long-arm statute's affidavit requirement applies to out-of-state personal service upon a foreign corporation in a utility lien foreclosure action. Under these facts, and upon this briefing, we conclude that it does. When a plaintiff makes out-of-state personal service upon a defendant who has submitted to the jurisdiction of Washington courts, the long-arm statute's affidavit requirement applies. The trial court did not err in concluding that

absent such an affidavit, the default judgment against Deutsche Bank must be vacated. We affirm.

## FACTS

The material facts are undisputed. The City of Sedro-Woolley (City) filed suit to foreclose utility liens on property owned by the Amaros. Deutsche Bank had a recorded deed of trust on the property of the Amaros. The City personally served Deutsche Bank in California, but Deutsche Bank did not answer the complaint. The City was granted a default judgment.

Heritage Forest purchased the property at a sheriff's sale. That same day, the Amaros executed a quitclaim deed to Zion Services. Zion Services assigned its interest in the property to Ford Services, LLC (Ford). Ford later redeemed the property from Heritage Forest.

Washington's long-arm statute, RCW 4.28.185, permits personal service outside the state. But personal service outside the state is "valid only when an affidavit is made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4). The City did not make or file such an affidavit.

Deutsche Bank sought to vacate the default judgment one year after it was entered. Deutsche Bank argued below that since no affidavit was ever filed, the default judgment was void.

The trial court determined that "no affidavit, as required by RCW 4.28.185(4), was filed before the default judgment against Deutsche Bank was entered."[1] The trial court therefore vacated the default judgment.

---

[1] Clerk's Papers at 104.

Ford appeals.

ANALYSIS

When the facts are undisputed, the determination of a superior court's personal jurisdiction over a party is a question of law. Lewis v. Bours, 119 Wn.2d 667, 669, 835 P.2d 221 (1992). We review questions of law de novo. City of Bonney Lake v. Kanany, 185 Wn. App. 309, 314, 340 P.3d 965 (2014).

Out-of-state personal service is governed by statute. RCW 4.28.180-.185; see Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, 154 Wn. App. 581, 585-86, 225 P.3d 1035 (2010). Statutes allowing service outside the state are in "derogation of common law" and must be "strictly construed." Ralph's Concrete, 154 Wn. App. at 585. "At common law it was fundamental that personal service of summons upon a defendant must be had upon him within the limits of the state, in order to confer jurisdiction upon a court of that state." Gerrick & Gerrick Co. v. Llewellyn Iron Works, 105 Wash. 98, 102, 177 P. 692 (1919); see also State ex rel. Hopman v. Superior Court of Snohomish County, 88 Wash. 612, 617, 153 P. 315 (1915).

Ford contends the issue here is a matter of statutory construction. We agree. There is no constitutional controversy here. The constitutional due process notice and minimum contacts standards for personal jurisdiction apply equally to actions in rem, quasi in rem, or in personam. Shaffer v. Heitner, 433 U.S. 186, 212, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

Specifically, Ford contends RCW 4.28.180 should be interpreted to permit out-of-state service separate and apart from RCW 4.28.185 and its requirements. But Ford's arguments are unpersuasive.

Ford argues that before the legislature enacted RCW 4.28.185 in 1959, the prior version of RCW 4.28.180 allowed out-of-state personal service with no affidavit requirement. Therefore, Ford contends the savings clause of RCW 4.28.185(6)—"[n]othing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law"—allows out-of-state personal service under RCW 4.28.180 in current foreclosure actions. But Ford does not establish the standards that applied to out-of-state personal service before 1959. Ford relies on Harder v. McKinney, 187 Wash. 457, 60 P.2d 84 (1936). But that case resolved only the narrow issue whether a complaint had to be filed before a party effectuated out-of-state service on a nonresident defendant in a foreclosure action. Harder did not analyze or discuss any other requirements for out-of-state personal service.

Ford also cites Hatch v. Princess Louise Corp., 13 Wn. App. 378, 534 P.2d 1036 (1975). Hatch obtained both a money judgment and a decree foreclosing a chattel mortgage. This court concluded the money judgment was invalid because Hatch failed to file an affidavit as required by RCW 4.28.185(4). In dicta, this court affirmed the foreclosure decree, but the Princess Louise Corporation did "not contest the foreclosure portion of the judgment." Hatch, 13 Wn. App. at 379. Hatch's dicta regarding the undisputed jurisdiction for foreclosure is not compelling. Hatch offers no support for Ford's position that RCW 4.28.185(4)'s affidavit requirement does not apply to a utility

4

lien foreclosure action. Additionally, Ford offers no legislative history addressing affidavit requirements that existed before 1959.

There is clearly an interplay between the current RCW 4.28.180 and RCW 4.28.185. In 1959, the legislature amended RCW 4.28.180 and adopted RCW 4.28.185 "in the same piece of legislation." Lewis H. Orland, *Washington's Second Longarm?*, 17 GONZ. L. REV. 905, 908 (1981-82). Both statutes have corresponding provisions governing those who have submitted to the jurisdiction of Washington courts. The words and concepts in the current RCW 4.28.180 "parallel the words and concepts of" RCW 4.28.185. Id.

RCW 4.28.185(1) recognizes that a person who does any of the acts enumerated in RCW 4.28.185(1)(a)-(f) "thereby submits . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts." RCW 4.28.185(2) also recognizes that service of process "upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state." In turn, RCW 4.28.180 provides that personal service "may be made upon any party outside the state"; if such service is upon a "person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service within this state."

The parties agree that Deutsche Bank has "submitted" itself to the jurisdiction of Washington courts. Deutsche Bank lent money and recorded a deed of trust on property located in this state. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791,

798, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983) (holding that "a mortgagee clearly has a legally protected property interest" that "is significantly affected" by a foreclosure sale). Having "submitted" to the jurisdiction of Washington courts, both RCW 4.28.180 and RCW 4.28.185 apply to any out-of-state service upon Deutsche Bank. We need go no further to resolve the narrow issue presented here. For those who have "submitted" themselves to the jurisdiction of Washington courts, like Deutsche Bank, we read RCW 4.28.180 and RCW 4.28.185 together as authorizing out-of-state personal service. But for such service to be valid, a party must comply with RCW 4.28.185(4)'s affidavit requirement.

We note the long-established "policy of the law is to require the plaintiff to give the defendant the best service possible under the circumstances." Nw. & Pac. Hypotheek Bank v. Ridpath, 29 Wash. 687, 709, 70 P. 139 (1902). Before the legislature chose to allow out-of-state service upon those who had submitted to the jurisdiction of Washington courts, it was reasonable to require some showing that in-state service was impractical under the circumstances. RCW 4.28.185(4)'s affidavit requirement for out-of-state personal service is consistent with this policy consideration.

We need not analyze the entire landscape of out-of-state personal service under Washington law. We conclude that a plaintiff who seeks out-of-state personal service on a person who has "submitted" to the jurisdiction of Washington courts must comply with RCW 4.28.185(4)'s affidavit requirement. Absent the filing of an affidavit, the trial court lacks personal jurisdiction over the defendant and any judgment against that defendant is void.

Finally, the City of Sedro-Woolley mirrors many of Ford's arguments. The City also argues that if the service upon Deutsche Bank was invalid, it should not impact the foreclosure's validity as to others who claimed an interest in the property.[2] But the only order entered by the trial court was the vacation of the default judgment against Deutsche Bank. The City did not appeal or cross appeal from that order, and there does not appear to be any other order by the trial court specifically addressing the impact upon others asserting an interest in the property. We decline to offer an advisory opinion on issues that have not yet been presented to or ruled upon by the trial court.

We affirm the order vacating the default judgment against Deutsche Bank.

WE CONCUR:

_____

_____

Becker, J.

_____

---

[2] The panel has considered the City's reply brief. See Notation Ruling of Feb. 23, 2015.